**PROSKAUER ROSE LLP**
PHILIPPE A. LEBEL (SBN 274032)
plebel@proskauer.com
DIXIE M. MORRISON (SBN 341850)
dmorrison@proskauer.com
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Tel:    310.557.2900
Fax:    310.557.2193

**JACKSON LEWIS P.C.**
ELIZABETH R. WEISS (SBN 209181)
Elizabeth.weiss@jacksonlewis.com
EMELY GARCIA (SBN 361848)
Emely.garcia@jacksonlewis.com
50 California Street, 9th Floor
San Francisco, CA 94111
Tel:    415.394.9400
Fax:    415.394.9401

Attorneys for Defendants
SIERRA CLUB FOUNDATION,
DAN CHU, and KATHERINE LEWIS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO HENRIQUES DA SILVA,<br><br>                    Plaintiff,<br><br>v.<br><br>THE SIERRA CLUB FOUNDATION; DAN CHU; KATHERINE LEWIS; and DOES 1-10, INCLUSIVE,<br><br>                    Defendants, | Case No.  3:26-cv-01487-WHO<br><br>**DEFENDANTS THE SIERRA CLUB FOUNDATION, DAN CHU, AND KATHERINE LEWIS'S OPPOSITION TO PLAINTIFF PEDRO HENRIQUES DA SILVA'S MOTION FOR REMAND AND REQUEST FOR ATTORNEY'S FEES**<br><br>Date: April 22, 2026<br>Time: 2:00 p.m.<br>Place: Courtroom 2<br><br>Date Action Filed:  January 29, 2026<br>Date of Removal:   February 19, 2026<br><br>(*Alameda County Superior Court, Case No. 26CV167533*) |

DEFENDANTS' OPPOSITION TO MOTION FOR REMAND - 3:26-cv-01487-WHO

**TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................................................1

II.     STATEMENT OF RELEVANT FACTS .................................................................................2

III.    BECAUSE REMOVAL WAS PROPER, THE COURT SHOULD REJECT
        PLAINTIFF'S MOTION .......................................................................................................3

        A.      A General Appearance for Personal Jurisdiction Purposes Does Not Constitute
                Being "Properly Joined and Served" ........................................................................3

                1.      A General Appearance Waives Objections to Personal Jurisdiction; It
                        Does Not Constitute Service Under California Law ........................................3

                2.      Plaintiff's Authorities Are Inapposite and Not Binding ..................................6

        B.      Snap Removal Is Permitted and Appropriate ............................................................8

                1.      Section 1441(b)(2)'s Plain Text Permits Removal by In-State Defendants
                        Prior to Service .............................................................................................8

                2.      Removal Before Service of a Forum Defendant Is Broadly Accepted
                        Across Several Circuits .................................................................................10

                3.      Plaintiff's Policy Arguments Cannot Override Statutory Text .......................11

                4.      Nor Is There Any Gamesmanship by Defendants That Would Warrant
                        Departing From the Statutory Text ...............................................................12

                5.      The Absurdity Doctrine Does Not Apply ........................................................13

IV.     PLAINTIFF'S FEE REQUEST SHOULD BE DENIED BECAUSE DEFENDANTS'
        BASIS FOR REMOVAL WAS, AT THE VERY LEAST, REASONABLE .........................14

V.      CONCLUSION ...................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alonso v. Ryan*,
2017 WL 3499283 (D. Ariz. July 24, 2017) ...............................................................................9

*Cagle v. NHC Healthcare-Md. Heights, LLC*,
78 F.4th 1061 (8th Cir. 2023) ...................................................................................................11

*City of Ann Arbor Ret. Sys. v. Gecht*,
2007 WL 760568 (N.D. Cal. Mar. 9, 2007).....................................................................8, 12, 13

*Cobb v. Ga. Power Co.*,
757 F.2d 1248 (11th Cir. 1985) ..................................................................................................5

*Colebrook v. CIT Bank, N.A.*,
2016 U.S. Dist. LEXIS 110303 (C.D. Cal. 2016) ......................................................................6

*Crooks v. Harrelson*,
282 U.S. 55 (1930)....................................................................................................................13

*Demarest v. Manspeaker*,
498 U.S. 184 (1991)....................................................................................................................8

*Dial 800 v. Fesbinder*,
118 Cal. App. 4th 32 (2004) .......................................................................................................7

*Dill v. Berquist Constr. Co.*,
24 Cal. App. 4th 1426 (1994) .....................................................................................................4

*Doe v. Daversa Partners*,
2021 WL 736734 (D.D.C. Feb. 25, 2021) ................................................................................11

*Duncan v. Walker*,
533 U.S. 167 (2001)....................................................................................................................9

*Emma Court LP v. United Am. Bank*,
2009 WL 4456387 (N.D. Cal. 2009) ..........................................................................................7

*Encompass Ins. Co. v. Stone Mansion Rest. Inc.*,
902 F.3d 147 (3d Cir. 2018)..........................................................................................10, 12, 13

*Fobb v. Uber Techs., Inc.*,
2022 WL 620336 (N.D. Cal. Mar. 3, 2022)..............................................................................10

*Gibbons v. Bristol-Myers Squibb Co.*,
919 F.3d 699 (2d Cir. 2019)......................................................................................................10

DEFENDANTS' OPPOSITION TO MOTION FOR REMAND - 3:26-cv-01487-WHO

*Glob. Indus. Inv. Ltd. v. Chung*,
  2020 WL 2027374 (N.D. Cal. Apr. 28, 2020) ...............................................................10

*Goodwin v. Reynolds*,
  757 F.3d 1216 (11th Cir. 2014) ....................................................................................11

*Grubb v. Bank of Am.*,
  2009 WL 10671284 (S.D. Cal. 2009)...............................................................................7

*Hamilton v. Asbestos Corp., Ltd.*,
  22 Cal. 4th 1127 (2000) .................................................................................................4

*Hanson v. Depot LBX, Inc.*,
  756 F. Supp. 3d 56 (W.D. Va. 2024) .............................................................................11

*Hayes v. vCom Sols., Inc.*,
  2025 WL 1276228 (N.D. Cal. May 2, 2025) ...................................................................9

*HollyFrontier Cheyenne Ref., LLC v. Renewable Fuels Ass'n*,
  594 U.S. 382 (2021)......................................................................................................12

*Home Depot U.S.A., Inc. v. Jackson*,
  587 U.S. 435 (2019)......................................................................................................11

*Humana Inc. v. Handa Pharm., LLC*,
  2023 WL 5227191 (N.D. Cal. Aug. 15, 2023) .........................................................10, 12

*In re Mansfield Tire & Rubber Co.*,
  660 F.2d 1108 (6th Cir. 1981) ........................................................................................5

*Island Med. Distribs. v. Hologic, Inc.*,
  2020 WL 6342720 (C.D. Cal. 2020).................................................................................7

*K.A. v. Doe 1*,
  2023 WL 5439192 (C.D. Cal. Aug. 23, 2023)..................................................................7

*Lamie v. U.S. Trustee*,
  540 U.S. 526 (2004).........................................................................................................9

*Loewen v. McDonnell*,
  2019 WL 2364413 (N.D. Cal. June 5, 2019) ........................................................10, 12, 13

*Lussier v. Dollar Tree Stores, Inc.*,
  518 F.3d 1062 (9th Cir. 2008) .......................................................................................14

*Martin v. Franklin Cap. Corp.*,
  546 U.S. 132 (2005).......................................................................................................14

*McCall v. Scott*,
  239 F.3d 808 (6th Cir. 2001) .........................................................................................10

DEFENDANTS' OPPOSITION TO MOTION FOR REMAND - 3:26-cv-01487-WHO

*Mikkelson v. Michaels Mgmt. Servs. LLC*,
    2025 WL 1840027 (N.D. Cal. July 3, 2025)...............................................................9, 13

*Oneto v. Watson*,
    2022 WL 17077629 (N.D. Cal. Nov. 18, 2022) ...................................................................7

*Our Lady of Guadalupe Sch. v. Morrissey-Berru*,
    591 U.S. 732 (2020).............................................................................................................5

*People v. Cole*,
    38 Cal. 4th 964 (2006) ........................................................................................................5

*Schindler Elevator Corp. v. U.S. ex rel. Kirk*,
    563 U.S. 401 (2011)..............................................................................................................8

*Serrano v. Stefan Merli Plastering Co., Inc.*,
    162 Cal. App. 4th 1014 (2008) ............................................................................................4

*Sherman v. Haynes & Boone*,
    2014 WL 4211118 (N.D. Cal. Aug. 22, 2014) .....................................................................9

*Tex. Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*,
    955 F.3d 482 (5th Cir. 2020) .......................................................................................10, 13

*Wragge v. Boeing Co.*,
    532 F. Supp. 3d 616 (N.D. Ill. 2021) .................................................................................11

**STATUTES**

28 U.S.C. § 1332...........................................................................................................................13

28 U.S.C. § 1441................................................................................................................... passim

28 U.S.C. § 1446..............................................................................................................................6

28 U.S.C. § 1447............................................................................................................................14

Cal. Code Civ. Proc. § 410.50 ................................................................................................. passim

Cal. Code Civ. Proc. § 413.10 ......................................................................................................1

Cal. Code Civ. Proc. § 415.10 *et seq*. .......................................................................................1, 4

**OTHER AUTHORITIES**

ASSOCIATED PRESS (Jan. 31, 2026, 7:42 AM),
    https://www.yahoo.com/news/articles/former-sierra-club-foundation-director-
    154244068.html .................................................................................................................2

Black's Law Dictionary .............................................................................................................5, 8

DEFENDANTS' OPPOSITION TO MOTION FOR REMAND - 3:26-cv-01487-WHO

James Pollard & Matt Brown, *A former Sierra Club Foundation director sues over internal racism that he says hinders its mission*, ASSOCIATED PRESS (Jan. 31, 2026, 7:42 AM), https://www.yahoo.com/news/articles/former-sierra-club-foundation-director-154244068.html ..................................................................................2

MERRIAM-WEBSTER, https://www.merriam-webster.com/sentences/equivalent (last visited March 25, 2026) ..................................................................................5

Robin Bravender, Lawsuit accuses Sierra Club Foundation of ousting Black leaders, POLITICO (Feb. 3, 2026, 1:52 PM), https://subscriber.politicopro.com/article/eenews/2026/02/03/lawsuit-accuses-sierra-club-foundation-of-ousting-black-leaders-00762153 ..........................................2

DEFENDANTS' OPPOSITION TO MOTION FOR REMAND - 3:26-cv-01487-WHO

I.    **INTRODUCTION**

There are a number of methods available to properly effectuate service of process in California, including personal service of the complaint to a defendant with a copy of the summons, leaving a copy of the summons at the defendant's address, or mailing the summons to the defendant by first-class mail. *See* Cal. Code Civ. Proc. §§ 413.10, 415.10 *et seq*. There is no question that Plaintiff Pedro Henriques da Silva ("Plaintiff") did not perform any of these actions with respect to Defendants the Sierra Club Foundation ("SCF"), Dan Chu, and Katherine Lewis (collectively, "Defendants") prior to Defendants' removal of the action to this Court. Nevertheless, Plaintiff asks the Court to disregard the plain text of the federal removal statute and adopt an unsupported theory collapsing distinct doctrines of state and federal law, claiming that Defendants' filing of an answer in state court somehow renders them "properly joined and served" for purposes of 28 U.S.C. § 1441(b)(2) ("Section 1441(b)(2)"). That argument is at odds with the plain text of 28 U.S.C. § 1441, relies on a misreading of the California Code of Civil Procedure, and is unsupported by any binding authority. In short, this case is properly before the Court.

Plaintiff identifies *no* California authority—let alone binding authority—holding that a general appearance under section 410.50 of the California Code of Civil Procedure ("Section 410.50") satisfies Section 1441(b)(2)'s "properly joined and served" requirement. Section 410.50, on which Plaintiff relies, focuses on the existence of *personal jurisdiction*—it does *not* establish a method to effectuate service. Rather, it provides that a general appearance obviates the need for service for purposes of establishing personal jurisdiction. Cal. Code Civ. Proc. § 410.50(a). But that rule of California procedure does not provide that by making an appearance the defendant has been "properly joined and served." To the contrary, the California rule simply recognizes that, if the defendant makes an appearance without having been served, the court has jurisdiction over the defendant *as though* the defendant had been served using one of the methods set forth in sections 415.10 *et seq*. of the Code of Civil Procedure. Of course, that is not the issue under 28 U.S.C. § 1441(b)(2).

Plaintiff's sole remaining basis to contest this Court's jurisdiction is an argument that so-called "snap" removals are not permitted under Section 1442(b)(2). Yet, the statute unambiguously

provides that removal is barred only when a forum defendant has been "properly joined and served." Courts in this District repeatedly have enforced this language as written, permitting removal prior to service—even when the removing defendant(s) is/are a citizen(s) of the forum state, as here.

Plaintiff's contrary arguments rely on inapposite authority addressing different statutory provisions, policy-based objections that cannot override clear text, and a purported "consensus" that does not exist. Indeed, appellate courts in multiple Circuits have endorsed pre-service removal under Section 1441(b)(2), and there is no binding Ninth Circuit authority to the contrary. As such, the Court should follow the statute's plain language and the substantial body of persuasive precedent applying it.

Nor do the circumstances of this case justify any departure from the statutory framework. This is not a case involving evasion of service or procedural gamesmanship. Plaintiff (a citizen of Washington, D.C.) had ample opportunity to effectuate service but failed to do so before Defendants exercised their right to remove. As such, there is no basis for the sanctions Plaintiff seeks from the Court. Defendants' removal was entirely proper and, even if the Court were to rule otherwise, as demonstrated below, there was nothing unreasonable in Defendants' removal.

In short, Plaintiff's motion depends on rewriting Section 1441(b)(2) to eliminate the "properly joined and served" requirement that Congress chose to include. The Court is barred from doing so and must decline that invitation. Because Defendants removed this action before any defendant, forum-resident or otherwise, was served, removal was proper, and the Motion should be denied in its entirety.

## II.    STATEMENT OF RELEVANT FACTS

Plaintiff filed this action in Alameda County Superior Court on January 29, 2026. *See* Dkt. 1-1 ¶ 2 & Ex. A. Shortly thereafter, and even before the Complaint appeared on the court's online docket, various news outlets began reporting on Plaintiff's filing—presumably, because he and his counsel sought to publicize his allegations.[1]

---

[1] *See, e.g.*, James Pollard & Matt Brown, *A former Sierra Club Foundation director sues over internal racism that he says hinders its mission*, ASSOCIATED PRESS (Jan. 31, 2026, 7:42 AM), https://www.yahoo.com/news/articles/former-sierra-club-foundation-director-154244068.html; Robin Bravender, *Lawsuit accuses Sierra Club Foundation of ousting Black leaders*, POLITICO

On February 2, 2026, co-counsel for SCF and the individual Defendants (*i.e.*, Mr. Chu and Ms. Lewis) emailed Plaintiff's counsel to indicate that they could accept service on Defendants' behalf.  Dkt. 14-1 ¶ 16 & Ex. 1.  At this point, Plaintiff easily could have served Defendants with a simple reply email.  Yet, ***he did not do so***.  Plaintiff ***never*** served or even attempted to serve Defendants—via their counsel or otherwise—prior to February 20, 2026.  Dkt. No. 14-1 ¶ 6.[2]

Accordingly, on February 19, 2026, Defendants timely removed this action to federal court, before Plaintiff served any of the Defendants.  *See* Dkt. No. 1.

## III.    BECAUSE REMOVAL WAS PROPER, THE COURT SHOULD REJECT PLAINTIFF'S MOTION.

### A.    A General Appearance for Personal Jurisdiction Purposes Does Not Constitute Being "Properly Joined and Served"

#### 1.    A General Appearance Waives Objections to Personal Jurisdiction; It Does Not Constitute Service Under California Law.

Plaintiff concedes that he did not actually effectuate service on *any* of Defendants—properly or otherwise—prior to Defendants' removal of this case to federal court.  Rather, Plaintiff's primary argument is that, *even though he did not actually effectuate service*, Defendants' filing an answer in state court on February 19, 2026—the same day they removed this case to federal court—somehow constitutes their being "properly joined and served" triggering the forum-defendant rule and mandating remand to state court.  But this argument depends on a mischaracterization of a California statutory provision that treats a general appearance (*e.g.*, the filing of an answer) as having the same effect as service ***for purposes of establishing personal jurisdiction***.  However, personal jurisdiction and service are separate matters, and Plaintiff nowhere demonstrates that a general appearance

---

(Feb. 3, 2026, 1:52 PM), https://subscriber.politicopro.com/article/eenews/2026/02/03/lawsuit-accuses-sierra-club-foundation-of-ousting-black-leaders-00762153.

[2] Plaintiff claims that, "[r]elying on Ms. Weiss's representation that she was authorized to accept service of the state court complaint, Plaintiff set out to serve Defendants in accordance with California law."  Mot. at 2.  Notably, Plaintiff fails to elaborate on how he "set out" to serve Defendants or explain why he did not send Ms. Weiss an email with the complaint in the intervening 17 days.  According to Mr. Washington's declaration, his office did send an email to effectuate service on February 20, 2026, the day after this case was removed to federal court.  Dkt No. 14-1 ¶ 6.

3

DEFENDANTS' OPPOSITION TO MOTION FOR REMAND - 3:26-cv-01487-WHO

constitutes being "properly joined and served" for purposes of Section 1441(b)(2). They are not and cannot be the same.

Section 410.50 addresses *personal* jurisdiction, *not service. See, e.g.*, *Hamilton v. Asbestos Corp., Ltd.*, 22 Cal. 4th 1127, 1147 (2000) (finding that trial court had jurisdiction over defendant that made a general appearance in consolidated action, even though the defendant "had not been served in that action"); *Serrano v. Stefan Merli Plastering Co., Inc.*, 162 Cal. App. 4th 1014, 1031 (2008) ("***[F]or purposes of personal jurisdiction***, 'A general appearance by a party is equivalent to personal service of summons on such party.'") (citing Section 410.50) (emphasis added); *Dill v. Berquist Constr. Co.*, 24 Cal. App. 4th 1426, 1439 (1994) ("In the absence of a voluntary submission to the authority of the court, compliance with the statutes governing service of process is essential to establish that court's ***personal jurisdiction*** over a defendant.") (citing Section 410.50) (emphasis added). Service is addressed in separate provisions of the California Code—none of which provide that service can be effectuated by a defendant making a general appearance. *See* Cal. Code. §§ 415.10-416.90.

Plaintiff asks the Court to conflate these two separate issues and buy into the fiction that, by making a general appearance, a litigant has somehow magically been served with summons. That, of course, is not the case.

Section 410.50 plainly provides that, with respect to personal jurisdiction, a general appearance has the same effect as service of a summons – not that a general appearance constitutes service in the first instance. Indeed, in *Serrano*, a defendant contended that because "no summons was served on" it, it was not subject to the court's jurisdiction. The court, in finding the defendant was subject to the court's jurisdiction, noted that "[s]ervice of a summons is not the only way to establish personal jurisdiction. Rather, ***for purposes of personal jurisdiction***, 'A general appearance by a party is equivalent to personal service of summons on such party.'" *Serrano*, 162 Cal. App. 4th at 1031 (emphasis added) (quoting Section 410.50). In other words, there are two *different* ways a defendant may be subject to a California court's jurisdiction—service by one of the methods set forth in sections 415.10 *et seq* of the Code of Civil Procedure or, in the alternative, by making a general appearance (*e.g.*, by filing an answer or demurrer).

Reading Section 410.50 to equate a general appearance with "proper service," as Plaintiff asks this Court to do, would violate basic canons of statutory construction. "If the statutory language is unambiguous, then its plain meaning controls." *People v. Cole*, 38 Cal. 4th 964, 975 (2006). Indeed, Section 410.50(a) states, in toto:

> Except as otherwise provided by statute, the court in which an action is pending has jurisdiction over a party from the time summons is served on him as provided by Chapter 4 (commencing with Section 413.10). A general appearance by a party is equivalent to personal service of summons on such party.

Plaintiff reads the word "equivalent" to mean "identical," arguing that a general appearance is identical to service. But that is not true. The word "equivalent" in the statute actually demonstrates that a general appearance *is not* service. "Equivalent" means something that is alike but not the same.[3] Indeed, if a general appearance constituted service, the Code would not state it is the "equivalent" to service—it would provide that it *is* among the methods to satisfy the service requirement. The word "equivalent," particularly when viewed in the context of Section 410.50(a), demonstrates that the equivalence between a general appearance and service is that a general appearance subjects the party to the court's jurisdiction to the same extent service a summons does – not that a general appearance is in fact service.

Here, the issue is whether Defendants were "properly joined and served" within the meaning of Section 1441(b)(2), not whether the state court had personal jurisdiction over the Defendants. Defendants indisputably were not served, and nothing in Section 410.50 changes that basic fact.

---

[3] *See Equivalent*, BLACK'S LEGAL DICTIONARY (12th ed. 2024) ("1. Equal in value, force, amount, effect, or significance. 2. Corresponding in effect or function; nearly equal; virtually identical."); *How to Use* equivalent *in a Sentence*, MERRIAM-WEBSTER, https://www.merriam-webster.com/sentences/equivalent (last visited March 25, 2026) ("Those less-known companies manufacture ***equivalent*** products at cheaper prices."; "I haven't taken English 202, but I took an ***equivalent*** course at another university."); *see also Cobb v. Ga. Power Co.*, 757 F.2d 1248, 1250 (11th Cir. 1985) ("The statutory 'under color of law' requirement is equivalent, although not identical, to the constitutional doctrine of state action."); *In re Mansfield Tire & Rubber Co.*, 660 F.2d 1108, 1113 (6th Cir. 1981) ("[A]lthough not identical, [different exercises of police power] are either equivalent or just as appropriate[.]"); *Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 591 U.S. 732, 752 (2020) (considering "an inquiry into whether imams or other leaders bear a title equivalent to 'minister'") (quotation omitted).

DEFENDANTS' OPPOSITION TO MOTION FOR REMAND - 3:26-cv-01487-WHO

## 2.    Plaintiff's Authorities Are Inapposite and Not Binding.

Plaintiff claims that "[e]very single court addressing this question has ruled" in support of his position, but, in fact, *none* of the cases that Plaintiff cites in support of his assertion that "[a] general appearance in California state court . . . amounts to service for the purposes of the removal statutes" concerned the forum-defendant rule under Section 1441(b)(2).  Mot. at 6.  Instead, *all* of them address a different provision of the U.S. Code:  28 U.S.C. § 1446(b) ("Section 1446(b)"), which addresses the deadline by which a notice of removal must be filed.

Plaintiff does not contend that Defendants' removal was untimely.  As such, Section 1446(b)'s provisions have no applicability here.  Furthermore, Section 1446(b)(1) provides that removal must be effectuated no later than 30 days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ."[4]  Accordingly, unlike Section 1441(b)(2), Section 1446(b)(1)'s timeliness provision does not depend on the defendant being "properly joined and served," only that the defendant "recei[ved]" a copy of the initial pleading, which can be accomplished by "service or otherwise."  28 U.S.C. § 1446(b)(1).[5]

Plaintiff has cited numerous cases outside of this district calculating the Section 1446 30-day removal clock to begin as of the date the defendant made a general appearance – contending that they demonstrate that a general appearance constitutes service.  But none of those cases found that the general appearance constituted "proper service"; rather, they found only that the general appearance started the Section 1446(b) removal clock.  These rulings reflect the core concept of Section 1446(b) that removal must be sought promptly after the defendant is made aware of the complaint.  28 U.S.C. § 1446(b)(1) (emphasis added).  Indeed, the *Colebrook v. CIT Bank, N.A.*

---

[4] The statute also provides that the 30-day clock runs "after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant[.]"  28 U.S.C. § 1446(b)(1).  Plaintiff does not and cannot contend that he was not required to serve his complaint on Defendants; as such, this provision of the statute does not apply.

[5] A different part of Section 1446 refers to defendants being "properly joined and served," but that provision addresses obtaining consent of defendants prior to removal.  28 U.S.C. § 1446(b)(2)(A).  None of the cases cited by Plaintiff for the proposition that "[a] general appearance in California state court . . . amounts to service for the purposes of the removal statutes" address this provision or the "properly joined and served" language; rather, they address the timing provisions of Sections 1446(b)(1) and 1446(b)(2)(B), which do not depend on the defendants being "properly joined and served."  28 U.S.C. §§ 1446(b)(1), 1446(b)(2)(B).

6

DEFENDANTS' OPPOSITION TO MOTION FOR REMAND - 3:26-cv-01487-WHO

court found the 30-day clock started when the defendants filed their demurrer, not because they were properly served but rather because "[b]y making an appearance in this manner, all three Defendants had *effectively received 'service'* of summons by at least this date." 2016 U.S. Dist. LEXIS 110303, *3 (C.D. Cal. 2016) (emphasis added). "Effectively receiv[ing] 'service'" is, obviously, not the same as being properly served.

Similarly, the court in *Prout Int'l Ltd. v. Esser* did not find a defendant who made a general appearance had been properly served. Indeed, in assessing the question of when the 30-day removal clock began to run, the *Esser* court noted that "[w]here a defendant *has **not** been properly served*, courts look to whether the defendant has waived service under state law in gauging the timeliness of removal," and assessed whether service had been waived. 2019 WL 13224950, at *3 (S.D. Fla. 2019) (applying California law) (emphasis added). The same is true for *Oneto v. Watson*, 2022 WL 17077629, at *4 (N.D. Cal. Nov. 18, 2022) ("Watson as an individual *effectively waived service* by appearing in the state court proceeding and filing his answer on September 8, 2022.") (emphasis added); *see also Emma Court LP v. United Am. Bank*, 2009 WL 4456387, at *4 (N.D. Cal. 2009) (noting that a "general appearance *can make up for a complete failure to serve a summons*, because a defendant submits to the court's jurisdiction by making a general appearance") (emphasis added, internal quotation marks omitted).

Other cases cited by Plaintiff were grounded, at least in part, on the fact that "general appearances … obviate[] the need for service by plaintiff." *Grubb v. Bank of Am.*, 2009 WL 10671284, *3 (S.D. Cal. 2009); *see also Island Med. Distribs. v. Hologic, Inc.*, 2020 WL 6342720, *2 (C.D. Cal. 2020) (noting that a general appearance "dispens[es] with the requirement of service of process.") (quoting *Dial 800 v. Fesbinder*, 118 Cal. App. 4th 32, 52 (2004)).[6] If a general appearance obviates the need for service and is dispositive evidence of the defendant's knowledge of the case, it makes sense that the removal clock should begin to run on the date of a general

---

[6] *K.A. v. Doe 1*, 2023 WL 5439192 (C.D. Cal. Aug. 23, 2023), does not support Plaintiff's position. In that case, the court rejected the plaintiff's argument "that Defendant received the equivalent of service by appearing generally in state court," on the grounds that "Defendant never made any general appearances" when it appeared at status conferences in state court. *Id*. at *2. Because the issue was not before the *K.A.* court, it did ***not*** decide whether the filing of an answer in state court would have revoked the defendant's right to snap removal.

DEFENDANTS' OPPOSITION TO MOTION FOR REMAND - 3:26-cv-01487-WHO

appearance (or any appearance) by the defendant.  But waiving service or otherwise dispensing of the need for service is not, and cannot be, actual service or constitute proper service for purposes of Section 1441.  To the extent the Section 1446(b)(1) decisions cited by Plaintiff state otherwise, they are, for reasons discussed above, wrongly decided.[7]

Indeed, to adopt Plaintiff's argument would not only violate basic canons of statutory interpretation as to Section 410.50 (discussed above), but also with respect to Section 1441(b).  "The difficulty for Plaintiff is that the language of § 1441(b) is clear, and a court may depart from the plain language of a statute only under 'rare and exceptional circumstances.'"  *City of Ann Arbor Emps.' Ret. Sys. v. Gecht*, 2007 WL 760568, at *8 (N.D. Cal. Mar. 9, 2007) (quoting *Demarest v. Manspeaker*, 498 U.S. 184, 190 (1991)).  The plain language of Section 1441(b) precludes removal when the defendant is "properly joined and served."  To read that language to mean "waiver of service" or being subject to a court's jurisdiction would be to impermissibly ignore the plain text of the statute and rewrite it.[8]

Therefore, given the plain text of Section 1441, Plaintiff's failure to cite to any case on point, and the lack of any dispute that Defendants have not been served—properly or otherwise—there is no basis for the Court to find that filing an answer means the "proper service" requirement is met.

**B.    Snap Removal Is Permitted and Appropriate.**

**1.    Section 1441(b)(2)'s Plain Text Permits Removal by In-State Defendants Prior to Service.**

It is apparent that Plaintiff, a D.C. citizen, would *prefer* that this case remain in California state court.  But Plaintiff's arguments against snap removal cannot override the language of the

---

[7] Plaintiff also cites to handful of decisions concerning decisions addressing service under ***different*** states' laws.  Those cases are irrelevant, as Plaintiff himself notes, because "[t]he sufficiency of service of process prior to removal is 'strictly a state law [i.e. California] issue.'"  Mot. at 5.  In addition to being irrelevant, rulings from two other states (Arizona and Texas) do not, as Plaintiff contends, "reflect a consistent rule."  *Id.* at 7.  But even if those cases had any bearing on this matter, they are, for reasons discussed above, wrongly decided.

[8] In ordinary legal usage, "serve" means either "[t]o make legal delivery of (a notice or process)" or "[t]o present (a person) with a notice or process as required by law."  *Serve*, BLACK'S LAW DICTIONARY (12th ed. 2024); *see Schindler Elevator Corp. v. U.S. ex rel. Kirk*, 563 U.S. 401, 407–08 (2011) (using Black's Law Dictionary to determine a "word's ordinary meaning.").  As applicable here, "Proper" means "according to the rules." *Proper,* BLACK'S LEGAL DICTIONARY (12th ed. 2024).

DEFENDANTS' OPPOSITION TO MOTION FOR REMAND - 3:26-cv-01487-WHO

statute enacted by Congress.  The forum-defendant rule, which bars an in-state defendant from removing a case to federal court on diversity jurisdiction grounds, applies only when a forum defendant has been "***properly*** joined ***and served***."  28 U.S.C. § 1441(b)(2) (emphasis added).  "The starting point in discerning congressional intent is the existing statutory text . . . . '[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'"  *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004) (citations omitted).  Accordingly, because it is undisputed that none of Defendants had been ***served*** at the time of removal, removal was proper.

Plaintiff contends that, despite his failure to serve any Defendant before removal, removal is still unavailable to Defendants.  But to adopt Plaintiff's position, the Court would have to read the words "and served" out of the statute altogether, which would violate the requirement that courts, in interpreting a statute, must "give effect, if possible, to every clause and word of a statute."  *Duncan v. Walker*, 533 U.S. 167, 174 (2001), superseded by statute on other grounds, *Alonso v. Ryan,* 2017 WL 3499283 (D. Ariz. July 24, 2017) (quotations omitted).  If Congress had intended to bar removal whenever a forum defendant is merely named, it could have said so.  But it did not.

Defendants' plain-language interpretation of Section 1441(b)(2) is consistent with other decisions from this District.[9]  "[T]he Northern District of California has consistently held a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim."  *Sherman v. Haynes & Boone*, 2014 WL 4211118, at *1 (N.D. Cal. Aug. 22, 2014); *see also, e.g.*, *Hayes v. vCom Sols., Inc.*, 2025 WL 1276228, at *2 (N.D. Cal. May 2, 2025) ("In the absence of guidance from the Ninth Circuit, courts in the Northern District of California generally permit snap removals, largely relying on the plain language of § 1441(b)(2)."); *Mikkelson v. Michaels Mgmt. Servs. LLC*, 2025 WL 1840027, at *6 (N.D. Cal. July 3, 2025) ("[M]ost courts in this District have permitted snap removals, finding that the plain language of section 1441(b)(2) permits a defendant to remove an action prior to receiving

---

[9] Plaintiff, while canvassing snap removal decisions from every district in California and other states, appears to have found none from this district providing his desired outcome.  The best he can muster is a single case rejecting snap removal in a single paragraph order, providing no analysis, and two cases reflecting "skepticism" about the practice.  Mot. at 9.

DEFENDANTS' OPPOSITION TO MOTION FOR REMAND - 3:26-cv-01487-WHO

proper service, even when the defendant is a citizen of the forum state."); *Humana Inc. v. Handa Pharm., LLC*, 2023 WL 5227191, at *3 (N.D. Cal. Aug. 15, 2023); *Fobb v. Uber Techs., Inc.*, 2022 WL 620336, at *2 (N.D. Cal. Mar. 3, 2022) ("The decisions in this district to have considered [snap removal] nearly unanimously support" the practice.); *Glob. Indus. Inv. Ltd. v. Chung*, 2020 WL 2027374, at *4 (N.D. Cal. Apr. 28, 2020); *Loewen v. McDonnell*, 2019 WL 2364413, at *9 (N.D. Cal. June 5, 2019) (finding snap removal "in keeping with the strong consensus in this district").

In short, both the statutory text and the overwhelming weight of Northern District authority confirm that pre-service removal is proper under Section 1441(b)(2). Therefore, the Court should apply the statute as written and deny Plaintiff's Motion.

### 2.    Removal Before Service of a Forum Defendant Is Broadly Accepted Across Several Circuits.

Neither the U.S. Supreme Court nor the Ninth Circuit has held that snap removal is improper.[10] Yet, while Plaintiff attempts to paint pre-service removal as sweepingly rejected outside of the Ninth Circuit, this depiction is at odds with reality.

Although the Ninth Circuit has yet to decide this issue, no fewer than three other circuits have found that Section 1441(b)(2) permits removal before service of a forum-defendant. *See Tex. Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485–87 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 707 (2d Cir. 2019) ("Put simply, the result here—that a home-state defendant may in limited circumstances remove actions filed in state court on the basis of diversity of citizenship—is authorized by the text of Section 1441(b)(2) and is neither absurd nor fundamentally unfair."); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153 (3d Cir. 2018) (finding that snap removal both "abides by the plain meaning of the text" and "envisions a broader right of removal only in the narrow circumstances where a defendant is aware of an action prior to service of process with sufficient time to initiate removal"); *see also McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("[T]he inclusion of an *unserved* resident defendant in the action

---

[10] In *Casola v. Dexcom, Inc.*, the Ninth Circuit Court of Appeals addressed only the distinct procedural posture of "super snap removal" (*i.e.*, "attempts to remove cases that did not yet exist as civil actions") and declined to resolve whether pre-service removal is categorically barred. 98 F.4th 947, 950, 964 (9th Cir. 2024).

DEFENDANTS' OPPOSITION TO MOTION FOR REMAND - 3:26-cv-01487-WHO

does not defeat removal under 28 U.S.C. § 1441(b).").  The Eighth Circuit also has expressed openness to the practice where there is complete diversity, as here.  *See Cagle v. NHC Healthcare-Md. Heights, LLC*, 78 F.4th 1061, 1066 (8th Cir. 2023) ("A snap removal—the practice of removing a case before the plaintiff has 'properly joined and served' the forum-state defendant—arguably allows a defendant to satisfy the additional requirement of § 1441(b)(2) that no 'properly joined and served' defendant is a citizen of the forum State.").

Moreover, numerous courts within the Fourth, Seventh, and D.C. Circuits have held that snap removals are permissible under Section 1441(b)(2).  *See, e.g.*, *Hanson v. Depot LBX, Inc.*, 756 F. Supp. 3d 56, 75 (W.D. Va. 2024) ("[T]he relevant statutory language is unambiguous and expressly allows for pre-service 'snap removal' by a forum defendant."); *Wragge v. Boeing Co.*, 532 F. Supp. 3d 616, 622 (N.D. Ill. 2021) ("The Court, like other courts in this District, finds that allowing snap removal does not frustrate the overall purpose of the statutory scheme or contravene Congress' intent in creating the forum defendant rule."); *Doe v. Daversa Partners*, 2021 WL 736734, at *3 (D.D.C. Feb. 25, 2021) ("As written, the plain language of this statutory provision only bars removal when a forum-defendant has been properly joined and served.  Absent such joinder and service on a forum-defendant, as here, the statutory bar on removal in § 1441(b)(2) simply does not apply.").[11]

In light of the absence of controlling authority to the contrary and the substantial weight of appellate and district court decisions permitting snap removal, Plaintiff's position finds little support. The Court should, therefore, follow the plain text of Section 1441(b)(2) and uphold removal here.

### 3.    Plaintiff's Policy Arguments Cannot Override Statutory Text.

Plaintiff argues that snap removal "thwarts" the policy purpose of the forum-defendant rule. Mot. at 16.  However, that argument asks the Court to substitute a generalized purpose for the specific mechanism that Congress enacted.  Courts are not free to disregard that language in favor of competing notions of public policy or statutory purpose.  Rather, courts' "analysis can be guided

---

[11] *Goodwin v. Reynolds*, 757 F.3d 1216 (11th Cir. 2014) did not—as Plaintiff implies—rule that snap removal is not permissible.  *See* Mot. at 9, 11–13.  Rather, *Goodwin* explicitly declined to rule on the issue because it was "not before" the court and in fact "assume[d] *arguendo* that it is correct."  757 F.3d at 1221.  As for Plaintiff's reference to *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435 (2019), that case did not concern the forum-defendant rule at all; Plaintiff's cherry-picked citation simply referred to a section of the opinion in which the Supreme Court briefly quoted the statute to state the legal standard for removal.  *Id.* at 438.

only by the statute's text[.]" *HollyFrontier Cheyenne Ref., LLC v. Renewable Fuels Ass'n*, 594 U.S. 382, 399 (2021).

First, there is hardly a judicial consensus as to whether snap removal does, in fact, contravene Congress's purpose in drafting Section 1441(b)(2). *See, e.g.*, *Humana*, 2023 WL 5227191, at *3 (declining to follow courts that reject snap removal; "[t]he court is not persuaded by their reasoning, which generally relies on the statute's presumed purpose without pointing to clear evidence of Congressional intent"); *Loewen*, 2019 WL 2364413, at *8 ("Without additional evidence regarding Congress' intent in drafting section 1441(b)(2), the Court 'cannot conclude that strict adherence to the language of section 1441(b) would be plainly at variance with the policy behind the statute.'") (cleaned up) (citations omitted); *Ann Arbor*, 2007 WL 760568, at *9.

Second, the proper response to any perceived policy imbalance lies with Congress, not judicial revision of the statutory text. While "[r]easonable minds might conclude that the procedural result demonstrates a need for a change in the law . . . , if such change is required, it is Congress— not the Judiciary—that must act." *Encompass Ins.*, 902 F.3d at 154. Even though forum-defendants have exercised snap removals across the country for many years, Congress has not amended Section 1441(b)(2) to prohibit the practice. For example:

> [I]f Congress had wanted to ensure that removal would not be appropriate until it was clear that Plaintiff was trying to prevent removal by speciously naming resident defendants, Congress could have provided that no removal petition could be filed until one or more nonresident defendant had been joined and served. The statute also could have been written to give a plaintiff, *e.g*., 30 or 60 days to effect service before permitting a defendant to remove.

*Ann Arbor*, 2007 WL 760568, at *9.

In sum, Plaintiff's policy-based objections cannot override the statute's plain text or justify disregarding Congress's chosen framework.

### 4. Nor Is There Any Gamesmanship by Defendants That Would Warrant Departing From the Statutory Text.

Plaintiff openly admits that, for whatever reason, he chose to delay serving ***any*** of the Defendants for more than two weeks after Defendants' counsel notified Plaintiff that she was authorized to accept service on their behalf, and three weeks after filing his complaint. *See* Mot. at 2. This is not a case where Defendants evaded service, engaged in deception, or exploited

"[m]odern docket-monitoring technology" to rush to remove this case. *Id*. at 13.  Indeed, Plaintiff's lackadaisical attitude with respect to effecting service—failing to serve 17 days after Defendants' counsel offered to facilitate service—made this a particularly "un-snappy" removal.  *See Loewen*, 2019 WL 2364413, at *8 (finding that "nothing in the facts of this case suggest that the forum defendants employed gamesmanship that would justify a departure from the plain language of the statute" absent evidence that defendants "attempted to evade service until the notice of removal was filed"); *Ann Arbor*, 2007 WL 760568, at *8 (finding removing defendant's "gamesmanship" to be "somewhat overstated" where the defendant did not remove "until approximately two weeks after Plaintiff filed the complaint" and "Plaintiff therefore had an opportunity to serve the complaint on any of the California Defendants").

Simply stated, "[t]hat [Defendants] acted quickly to avail [themselves] of the plain language of the statute, for which there is significant precedential support, does not constitute gamesmanship." *Loewen*, 2019 WL 2364413, at *8.

### 5.    The Absurdity Doctrine Does Not Apply.

Plaintiff contends that applying Section 1441(b)(2) as written produces "absurd" results. Mot. at 12–13.  But the Supreme Court has made clear that the absurdity doctrine is reserved for "rare and exceptional circumstances," where "the absurdity must be so gross as to shock the general moral or common sense."  *Crooks v. Harrelson*, 282 U.S. 55, 60 (1930).  The result here—that a case involving diverse parties proceeds in federal court—comes nowhere close.  Indeed, it is an outcome that federal law already contemplates.  *See* 28 U.S.C. §§ 1332(a), 1441(a).  Furthermore, numerous courts have explicitly declined to find that snap removal, specifically, is an "absurd" result.  *See, e.g.*, *Mikkelson*, 2025 WL 1840027, at *7 ("[T]he Court cannot say that permitting defendants' snap removal would lead to 'absurd' results."); *Encompass Ins.*, 902 F.3d at 153–54 (finding that snap removal "is not so outlandish as to constitute an absurd or bizarre result"); *Tex. Brine*, 955 F.3d at 486.

Accordingly, Plaintiff's invocation of the absurdity doctrine provides no basis to depart from the plain text of Section 1441(b)(2).

DEFENDANTS' OPPOSITION TO MOTION FOR REMAND - 3:26-cv-01487-WHO

## IV.     PLAINTIFF'S FEE REQUEST SHOULD BE DENIED BECAUSE DEFENDANTS' BASIS FOR REMOVAL WAS, AT THE VERY LEAST, REASONABLE.

For the reasons discussed herein, Plaintiff's Motion should be denied in its entirety, including his request for attorneys' fees under 28 U.S.C. § 1447(c).  However, even if the Court finds that the circumstances warrant remand, Plaintiff's fee request still should be denied because the Supreme Court has made clear that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal," *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005), and Defendants had an objectively reasonable basis for removal.  Accordingly, Plaintiff is not entitled to fees on remand in any event.

Plaintiff's claim that he is entitled to attorney's fees rests solely on his argument that Defendants' "general appearance" equated to their being "properly joined and served" under Section 1441(b)(2), not his argument regarding the propriety of snap removal generally.  *See* Mot. at 14–15. However, while Plaintiff contends that Defendants' filing of an answer triggered the forum-defendant rule, he (despite presumably diligent efforts) was unable to provide ***any*** on-point case law concerning this particular question as it pertains to the California statute.[12]  Under such circumstances, there is no basis to find that Defendants' removal was objectively unreasonable.  *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066–67 (9th Cir. 2008) (affirming denial of fees on remand).[13]

Accordingly, Plaintiff's request for attorneys' fees and costs should be denied.

## V.     CONCLUSION

For the reasons set forth herein, Defendants respectfully request that the Court deny Plaintiff's Motion for Remand and Request for Attorney's Fees.

---

[12] Indeed, the best he can muster is to argue there are no cases "ruling that § 410.50(a) does not say what it says on its face."  Mot. at 14.  As discussed above, § 410.50 does not say what Plaintiff contends it says, and even if the Court were to adopt Plaintiff's novel argument, that does not make Defendant's removal unreasonable.

[13] Indeed, the vast majority of snap-removal cases cited in Plaintiff's Motion that considered a request for fees on remand denied that request.

14

DEFENDANTS' OPPOSITION TO MOTION FOR REMAND - 3:26-cv-01487-WHO

Dated: March 31, 2026   **PROSKAUER ROSE LLP**


By: */s/ Philippe A. Lebel*
    Philippe A. Lebel
    Dixie M. Morrison


Dated: March 31, 2026   **JACKSON LEWIS P.C.**


By: */s/ Elizabeth R. Weiss*
    Elizabeth R. Weiss
    Emely Garcia

Attorneys for Defendants
THE SIERRA CLUB FOUNDATION,
DAN CHU, and KATHERINE LEWIS

15
DEFENDANTS' OPPOSITION TO MOTION FOR REMAND - 3:26-cv-01487-WHO

## **ATTESTATION RE ELECTRONIC SIGNATURES**

I, Philippe A. Lebel, attest pursuant to Northern District Local Rule 5-1(i)(3) that all other signatories to this document, on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 31, 2026

**PROSKAUER ROSE LLP**


By:    */s/ Philippe A. Lebel*
Philippe A. Lebel

Attorneys for Defendants
THE SIERRA CLUB FOUNDATION,
DAN CHU, and KATHERINE LEWIS

DEFENDANTS' OPPOSITION TO MOTION FOR REMAND - 3:26-cv-01487-WHO