Dan Stormer, Esq. [S.B. #101967]
David Clay Washington, Esq. [S.B. #305996]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
T: (626) 585-9600 / F: (626) 577-7079
Emails: dstormer@hadsellstormer.com
          dwashington@hadsellstormer.com

Attorneys for Plaintiff
PEDRO HENRIQUES DA SILVA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO HENRIQUES DA SILVA,<br><br>Plaintiff,<br><br>v.<br><br>THE SIERRA CLUB FOUNDATION; DAN CHU; KATHERINE LEWIS; and DOES 1-10, INCLUSIVE<br><br>Defendants. | Case No.: 3:26-cv-01487-WHO<br><br>[Assigned to the Honorable William H. Orrick – Courtroom 2 – 17th Floor]<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND AND REQUEST FOR ATTORNEY'S FEES PURSUANT TO 28 U.S.C. § 1447(c)**<br><br>DATE:           Wed., April 22, 2026<br>TIME:           2:00 p.m.<br>PLACE:          Courtroom 2<br><br>Date Action Filed:      January 29, 2026<br>Date of Removal:       February 19, 2026 |

PLTF'S REPLY ISO MTN FOR REMAND
& REQ FOR ATTY'S FEES

## I.  <u>INTRODUCTION</u>

Plaintiff has provided the Court with unanimous authority holding that a forum defendant may not remove a case to federal court once service is complete, and that, by statute, service is complete upon a general appearance. Defendants identify no decision to the contrary, instead asking this Court to reject every single ruling on the question, to rule that "equivalent" means "different," and to treat "equivalent to service of summons" under California law as meaning "not served" for purposes of the forum-defendant rule.

This Reply addresses only Defendants' arguments regarding service equivalence and Plaintiff's request for attorney's fees. Because that issue is dispositive, and because the parties have fully briefed the separate, genuinely disputed question of "snap removal," Plaintiff does not further respond on that subject and does not at this time seek additional fees for preparing this brief Reply.

## II.  <u>ARGUMENT</u>

### A. Defendants fail to rebut the unanimous federal authority establishing that a forum defendant may not remove after generally appearing in state court

#### i.  Defendants concede general appearance and service equivalence under California law

Defendants concede that their answer, filed in state court before removal, constitutes a general appearance. They further concede that, under California Code of Civil Procedure § 410.50(a), their general appearance is "equivalent to personal service of summons."

Federal courts look to state law to determine when a defendant has been served for purposes of the removal statutes. Once California law deems a defendant to be in the same legal position "as if" personally served, there is no principled way to treat that defendant as "unserved" for purposes of § 1441(b)(2).

#### ii.  Every court to address this question treats a general appearance as service under the removal statutes

Plaintiff's motion identifies thirteen decisions holding that a general appearance in state court constitutes service for purposes of the federal removal statutes. Of these thirteen, seven address 28 U.S.C. § 1446(b)(1)'s 30-day clock, and six address § 1441(b)(2)'s forum-defendant rule. All apply the same straightforward rule: under the governing state statute, service is complete upon a general appearance.

Because California law deems a general appearance "equivalent to personal service of summons," federal courts applying §§ 1441 and 1446 have uniformly treated such appearances as completing service.

Defendants cite no case holding that a party who has generally appeared in state court—and thereby stands in the same position as if personally served—is nonetheless "unserved" for purposes of any federal statute, let alone §§ 1441 and 1446. Their opposition instead attempts to distinguish Plaintiff's authorities without offering a single contrary ruling.

### iii. Defendants fail to meaningfully distinguish any cases

Defendants state that "none of" Plaintiff's California federal cases address the forum defendant rule. Dkt. 15 at 12:3-5.[1] Immaterial as it is, this is also incorrect, as the court squarely addresses this precise issue in *K.A. v. Doe*, ruling that *because* the defendant never generally appeared in Los Angeles Superior Court, there was no service under § 410.50 and thus no service for forum-defendant purposes, which necessarily presupposes that a general appearance constitutes service under § 1441(b)(2). No. 2:23-cv-05009-RGK-SK, 2023 U.S. Dist. LEXIS 148237, at *6 (WL 5439192) (C.D. Cal. Aug. 23, 2023). Defendants then proclaim that cases from federal district courts in other states, which likewise establish that a general appearance effects service under § 1441(b)(2), are "wrongly decided." Dkt. 15 at 14, n.7. Once again, Defendants fail to cite a single contrary ruling.

Lastly, Defendants attempt to distinguish the California federal court cases finding that a general appearance establishes service under 28 U.S.C. § 1446(b)(1). Dkt. 15 at 12:1-14:4. Defendants argue that Section 1446(b)(1) does not require service to start the removal clock, so all of these cases ruling that a general appearance—as equivalent to service—starts the clock, mean something different from what they say on their face or, in the alternative, are "wrongly decided." *Id.* at 14:4. Specifically, Defendants posit that Section 1446(b)(1)'s timeliness provision only depends on the defendant having "received a copy of the initial pleading, which can be accomplished by service or otherwise." *Id.* at 12:11-14. Once again, Defendants fail to cite a single decision supporting their view. This is because none exists, as such a ruling would directly contravene the United States Supreme Court, which held, in *Murphy Bros. v. Michetti Pipe Stringing*, that the time to remove is triggered by service, not mere receipt of a complaint. 526 U.S. 344, 347-48 (1999) ("[W]e hold that a named defendant's time to remove is triggered by

---

[1] Citations are to ECF-assigned page numbers.

PLTF'S REPLY ISO MTN FOR REMAND                    -2-
& REQ FOR ATTY'S FEES

simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."). Defendants' reading of section 1446(b)(1) thus cannot be reconciled with *Murphy Bros* and offers no basis to distinguish between §§ 1446(b)(1) and 1441(b)(2)'s service rules, let alone treat a defendant who has generally appeared—and is deemed served under state law—as "unserved" for purposes of either.

### iv.   Defendants' "personal jurisdiction, not service" argument is baseless

Defendants move on to state, "Effectively receiving service is *obviously* not the same as being properly served." Dkt. 15 at 13:3-5. If this were "obvious," one would expect to see at least one decision adopting it.

Defendants insist that "Section 410.50 addresses *personal* jurisdiction, *not service*," and therefore cannot satisfy § 1441(b)(2)'s "properly joined and served" requirement. Dkt. 15 at 10:3 (emphasis in original). Not only is this untrue (the statute provides, in separate sentences, (1) service of summons establishes jurisdiction, and (2) a general appearance is equivalent to service of summons), but it is also a distinction without a difference. Once it is acknowledged that the whole point of service (and its statutory equivalent) is to bring a defendant within the court's personal jurisdiction (subject to the Constitution per C.C.P. § 410.10), Defendants' attempt to sever "jurisdiction" from "service" collapses on itself. Having already invoked § 410.50 and conceded that their general appearance placed them in the same posture as if they had been served, Defendants cannot plausibly insist they remain "unserved" solely for purposes of the forum-defendant rule. Every court to address the question has agreed with Plaintiff's position.

### B.  The Court should grant Plaintiff's request for attorney's fees

Defendants do not dispute that the hours expended and rates requested are reasonable. They have therefore forfeited any challenge to the amount of fees sought, and their sole objection is to any fee award at all.

Defendants are correct that Plaintiff only seeks fees should the Court rule in his favor on the question of whether Defendants' general appearance is equivalent to service under § 410.50 and § 1441(b)(2)'s forum defendant rule. Plaintiff understands that courts and reasonable minds differ on the propriety of snap removal by forum defendants and thus, consistent with *Martin v. Franklin Capital*

*Corp.*, Plaintiff does not rest his request for fees on that argument. 546 U.S. 132, 141 (2005). For the same reason that Plaintiff *does not* seek fees should the Court find in his favor solely on the question of "snap removal," Plaintiff *is entitled to* fees should the Court remand based, in whole or in part, on Defendants' general appearance in state court. Given that Defendants chose to press a removal theory with no supporting authority and contrary to a substantial body of case law, they have effectively waived any claim that their position was objectively reasonable for purposes of avoiding fees under § 1447(c).

Defendants' opposition serves only to highlight what Plaintiff stated in his motion: There are many cases within and outside of California's federal district courts ruling that service is complete for the purposes of both removal statutes when a party generally appears in state court. There are no cases ruling to the contrary. In fact, Defendants are unable to cite a single case holding that a general appearance in a state court action fails to establish service for the purposes of *any federal statute*, let alone the removal statutes at issue here. Defendants' opposition brief thus confirms that they "lacked an objectively reasonable basis for removal." *See, e.g.*, *Hung Duong v. ITT Educ. Servs. Inc.*, No. 1:14-cv-01257 AWI SA, 2014 U.S. Dist. LEXIS 128057 at *7 (WL 4634998) (E.D. Cal. Sept. 10, 2014) (awarding attorneys' fees where Defendant argued fraudulent joinder but "identified no cases which counter Plaintiff's cases, meaning the weight of authority was firmly against Defendants' position"); *Ramirez v. Quad Graphics, Inc.*, No. EDCV 23-62 JGB (KKx), 2023 U.S. Dist. LEXIS 79137, at *38-39 (WL 3254979) (C.D. Cal. May 4, 2023) (finding that removal with a low, though not nonexistent, likelihood of success supports a fee award, particularly where defendants are represented by sophisticated employment defense counsel). The absence of an objectively reasonable basis for removal is further underscored where, as here, Defendants rest their arguments on positions foreclosed by Supreme Court precedent and the strained notion that "equivalent to" somehow means "different from."

/ / /

/ / /

/ / /

### III.   <u>CONCLUSION</u>

For the reasons stated herein and in Plaintiff's motion for remand, this Court should grant Plaintiff's motion and award him attorney's fees in the amount of $24,390.

Dated: April 7, 2026

Respectfully Submitted,

HADSELL STORMER RENICK & DAI LLP

By:    /s/ - David Clay Washington
      Dan Stormer
      David Clay Washington
Attorneys for Plaintiffs
PEDRO HENRIQUES DA SILVA