UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PEDRO HENRIQUES DA SILVA,

Plaintiff,

v.

SIERRA CLUB FOUNDATION, et al.,

Defendants.

Case No. 26-cv-01487-WHO

**ORDER ON THE MOTION TO REMAND**

Re: Dkt. No. 14

Plaintiff Pedro Henriques da Silva filed this action in California state court, asserting thirteen state law claims against defendants The Sierra Club Foundation ("the Sierra Club"), its Executive Director Dan Chu ("Chu"), its Chief Legal Officer Katherine Lewis ("Lewis"), and ten Doe defendants (together, "defendants"). Defendants removed the case to federal court on the grounds of diversity jurisdiction. Da Silva then filed a motion to remand, correctly asserting that removal was improper because defendants, two of whom are domiciled in California, were properly joined and served and therefore ineligible to remove the case pursuant to the forum-defendant rule. I will GRANT his motion to remand but DENY his request for attorney fees given the objectively reasonable basis for removal. The case is REMANDED to Alameda County Superior Court for further proceedings.

**BACKGROUND**

Da Silva filed his complaint on January 29, 2026, in Alameda County Superior Court. Complaint ("Compl."), Notice of Removal ("Rem. Not.") [Dkt. No. 1-1] at 4–63. He alleges thirteen causes of action against defendants as a result of the discrimination and harassment he experienced and observed while working for the Sierra Club from May 1, 2023–February 17,

2025.  Compl. ¶ 19.[1]

On February 2, 2026, counsel for defendants emailed da Silva's counsel, informing them that she was authorized to accept service on behalf of all of the defendants.  Washington Decl. [Dkt. No. 14-1] ¶ 3.  Da Silva did not attempt to serve defendants in response to that email.  On February 19, 2026, defendants filed an Answer in the state court action.  Washington Decl. ¶ 5; Rem. Not. Exh. B (Answer).  That same day defendants filed a Notice of Removal in federal court. *See* Dkt. No. 1.  On February 23, 2026, defendants filed a notice of the removal in state court.  *See* Washington Decl., Exh. 3.  The next day, defense counsel informed plaintiff's counsel that the case had been removed to federal court.  Washington Decl. ¶ 8.

Defendants removed the case based on diversity jurisdiction.  Da Silva is a citizen of Washington, D.C., Lewis is a citizen of Utah, and Chu and the Seirra Club are both citizens of California.  Rem. Not. ¶¶ 6–10.  In their Notice of Removal, defendants contend that the amount in controversy is at least $375,000.  Rem. Not. ¶¶ 11–15.

On March 17, 2026, da Silva moved to remand the case.  *See* Motion to Remand ("Mot.") [Dkt. No. 14].  Defendants opposed the motion and da Silva replied.  *See* Opposition to the Motion to Remand ("Oppo.") [Dkt. No. 15]; Reply ISO Motion ("Reply") [Dkt. No. 16].  I held a hearing on April 22, 2026.

## LEGAL STANDARD

Generally, a case can only be removed from state to federal court when the federal court would have had original jurisdiction over it.  28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1332(a)(1), federal diversity jurisdiction exists when each plaintiff is a citizen of a different state from each defendant and the amount in controversy exceeds $75,000.  Natural persons are the citizens of the

---

[1] He contends that persons in positions of power, including Chu and Lewis, used derogatory language to discuss Black and gay Sierra Club employees and engaged in discriminatory hiring practices against those employees.  Despite his consistent high performance, da Silva asserts that he was pushed out.  He was eventually placed on administrative leave for speaking out against the disparity in employee treatment that he had witnessed and been subjected to.  Compl. ¶¶ 95–98. The Sierra Club terminated him after what he refers to as a "hack job" investigation that resulted in no finding that he committed legal harassment, but a finding that he had violated Sierra Club's amorphous policy of "respect and sensitivity" following a performance review of his only subordinate.  Compl. ¶¶ 102–112.

United States District Court
Northern District of California

United States District Court
Northern District of California

state in which they are domiciled—that is, the state in which they reside with intent to remain permanently. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

"[R]emoval statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts." *Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 764 (9th Cir. 2022) (quoting *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005)). "The defendant has the burden of proving by a preponderance of the evidence that the requirements for removal jurisdiction have been met." *Id.* at 746 (citing *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014)). Removability is "generally determined as of the time of the petition for removal." *Local Union 598, Plumbers & Pipefitters Indus. Journeymen & Apprentices Training Fund v. J.A. Jones Constr. Co.*, 846 F.2d 1213, 1215 (9th Cir. 1988).

Although an action may be otherwise removable under 28 U.S.C. § 1441, according to the "forum defendant rule," local defendants cannot remove a case to federal court based on diversity jurisdiction. 28 U.S.C. § 1441(b)(2); *see Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 940 (9th Cir. 2006) ("Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court.").

## DISCUSSION

### I.     Defendants Forfeited Service

Federal courts reviewing questions of service prior to removal look to relevant state law. *See Lee v. City of Beaumont*, 12 F.3d 933, 936–37 (9th Cir. 1993). Relevant here are two sections of the California Code of Civil Procedure: sections 410.50 and 1014. They read, in pertinent part: "Except as otherwise provided by statute, the court in which an action is pending has jurisdiction over a party from the time summons is served on him as provided by Chapter 4 . . . . A general appearance by a party is equivalent to personal service of summons on such party." Cal. Code Civ. Proc. § 410.50(a). "A defendant appears in an action when the defendant answers . . . ." Cal. Code Civ. Proc. § 1014. *See also Casola v. Dexcom, Inc.*, 98 F.4th 947, 962 (9th Cir. 2024) ("Service of summons is what gives a superior court—and courts, generally—jurisdiction over a defendant (unless the defendant enters a general appearance)"). By the plain reading of the statutes, when a defendant makes a general appearance (for example, by filing an Answer in state

United States District Court
Northern District of California

court), that general appearance "is equivalent to" that defendant being personally served.

Defendants do not contest that they made a "general appearance," but argue that section 410.50 addresses only general appearances for the purposes of personal jurisdiction, *not* service generally. Oppo. 3–5. In their view, filing an Answer does demonstrate that a defendant submits to a court's personal jurisdiction but it does not act as a stand in for proper service.

Because two of the defendants are domiciled in California, the "forum defendant rule" of removal is at issue. The forum defendant rule applies when: (1) removal is based solely on the basis of diversity jurisdiction; (2) at least one defendant is a citizen of the state in which the action is brought; and (3) that party is "properly joined and served." 28 U.S.C. § 1441(a)-(b). If each of these prongs are met, a defendant may not remove an action to federal court.

The final prong is at issue here. The overwhelming number of cases cited refer to sections 410.50 and 1014 in the context of personal jurisdiction. Courts read the California statutes to mean that when a defendant generally appears prior to the effectuation of proper service, that defendant "effectively waive[s] service." *Oneto v. Watson*, No. 22-CV-05206-WHO, 2022 WL 17077629, at *4 (N. D. Cal. Nov. 18, 2022) (Orrick. J.); *see also K.A. v. Doe 1*, No. 23-CV-05009-RGK-SK, 2023 WL 5439192, at *2 (C.D. Cal. Aug. 23, 2023) (holding that defendant never made a general appearance in state court despite appearing for status conferences and so never effectively received service of process). Because defendants chose to file an Answer to da Silva's complaint in state court, effectively waiving service, they cannot now argue that they were never "properly joined and served" and so may remove the case despite their status as forum defendants.

Defendants' textual arguments to the contrary are illogical. They contend that the word "equivalent" in section 410.50 "means something that is alike but not the same," and specifically state that it does not mean "identical." Oppo. 5. Within the same paragraph, however, they cite Black's Legal Dictionary, which provides two definitions of the word 'equivalent:' "1. Equal in value, force, amount effect, or significance. 2. Corresponding in effect or function; nearly equal; ***virtually identical***." Equivalent cannot mean both identical and not identical. The only sensible interpretation of the statute is that it means what it says: "A general appearance by a party is equivalent to personal service of summons on such party." Cal. Code Civ. Proc. § 410.50(a).

4

By filing an Answer in state court and making a general appearance, defendants were "properly joined and served" in state court prior to removing the action to federal court. Because two defendants are at home in California, the forum defendant rule requires that the case return to state court.[2]

### II.   Plaintiff is not Entitled to Attorney Fees

Da Silva also seeks attorney fees pursuant to 28 U.S.C. § 1447(c). Mot. 14–16. Section 1447(c) states in relevant part that an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Although da Silva is correct that defendants pointed to no case "ruling that § 410.50(a) does not say what it says on its face," it is also true that there appears to be no case definitively stating the distinction between the personal jurisdiction and service of process inquiries as they relate to forum defendants seeking removal. Defendants filed their Answer and removed the case to federal court on the same day, including their Answer as an exhibit to the Notice of Removal in federal court; it stands to reason that they thought that they were in fact allowed to proceed in that manner. While ignorance of legal procedure is excuse, remand is a sufficient consequence here.

### CONCLUSION

For the foregoing reasons, the motion to remand is GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED.**

Dated: May 11, 2026

William H. Orrick
United States District Judge

---

[2] Da Silva argues in the alternative that I should not allow snap removal in any event for a number of public policy reasons. *See* Mot. 8–14. I decline to address those arguments because I am remanding on other grounds.